MANDATE

CONN/NH ct
03-CR-224
Dorsey

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 21st day of March, two thousand and five.

PRESENT:

    Hon. John M. Walker, Jr.,
        Chief Judge,
    Hon. Thomas J. Meskill,
    Hon. Dennis Jacobs,
        Circuit Judges.

-----------------------------------------X

UNITED STATES OF AMERICA,

        Appellee,

    - v. -

CARLOS J. DELGADO,

        Defendant-Appellant.

-----------------------------------------X

No. 03-1789(L)
    04-0836
    04-2748

APPEARING FOR APPELLANT    MICHAEL O'BRIEN, Syosset, NY

FILED MAR 21 2005 Roseann B. MacKechnie, CLERK SECOND CIRCUIT

FILED 2005 APR 18 P 3:46

—ISSUED AS MANDATE: 4-11-05 —

|   |   |   |
|---|---|---|
| 1 | **APPEARING FOR APPELLEE** | ERIC J. GLOVER, Assistant United States Attorney (Kevin J. O'Connor, United States Attorney for the District of Connecticut, William J. Nardini, Assistant United States Attorney, <u>on the brief</u>), New Haven, CT |

```
 2
 3        Appeal from the United States District Court for District of
 4   Connecticut (Peter C. Dorsey, Judge).
 5
 6        UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND
 7   DECREED that the judgment of the district court is AFFIRMED.
 8
 9        Defendant-appellant Carlos Delgado appeals from the May 10,
10   2004 judgment of the United States District Court for the
11   District of Connecticut (Peter C. Dorsey, Judge) convicting him
12   after a jury trial of trafficking in unauthorized access devices,
13   in violation of 18 U.S.C. § 1029(a)(2).  Delgado was sentenced
14   principally to 37 months' imprisonment to be followed by three
15   years' supervised release.  Familiarity with the facts and
16   procedural background is assumed.  We affirm.
17        On appeal, appellant--both through counsel and pro se--
18   raises four challenges to his conviction, none of which have
19   merit.  First, Delgado argues that the evidence was insufficient
20   to satisfy the $1,000 monetary threshold requirement of §
21   1029(a)(2).  The statute prohibits "knowingly and with intent to
22   defraud traffic[king] in or us[ing] one or more unauthorized
23   access devices . . . and by such conduct obtain[ing] anything of
24   value aggregating $1,000 or more during that period."  18 U.S.C.
25   § 1029(a)(2) (emphasis added).  Delgado trafficked in
26   unauthorized access devices when he gave six credit card numbers
27   to the undercover agent in exchange for cash; "by such conduct"
28   he received $3,000, which far exceeded the $1,000 threshold.
29        Second, appellant claims that there was a constructive
30   amendment of the indictment or, alternatively, a variance that
31   resulted in substantial prejudice.  Appellant bases his claim on
32   the fact that the grand jury indictment charged him with "us[ing]
33   and traffick[ing] in" unauthorized access devices, while the
34   evidence at trial and the jury instructions addressed only
35   trafficking.  We have previously held that "[w]here charges are
36   constructively narrowed . . . no constructive amendment occurs."
37   United States v. Wallace, 59 F.3d 333, 337 (2d Cir. 1995)
38   (internal quotation marks and citation omitted).  Because the
39   facts proved at trial were the same as those alleged in the
40   indictment, there was no variance either, much less a variance
41   that caused substantial prejudice.  See id. at 338.
```

         Third, appellant argues that the government did not present
sufficient evidence that his conduct affected interstate commerce
because the credit card account numbers he was charged with
selling were issued by local banks. This claim fails because (1)
three of the six cards were issued by out-of-state financial
institutions, and (2) the other credit card account numbers had
traveled across state lines, both electronically and by mail, and
had been used in interstate financial transactions.
         Fourth, appellant alleges grand jury abuse, claiming that
the government knowingly presented false testimony to the grand
jury. Appellant's contention is based on a mischaracterization
of the government agent's grand jury testimony. The record shows
that the agent's testimony was not false or misleading and was
fully substantiated at trial. Delgado thus fails to demonstrate
any error, let alone prejudicial error. See Bank of N.S. v.
United States, 487 U.S. 250, 256 (1988).
         We have carefully reviewed Delgado's contentions and find
them to be without merit. For the reasons set forth above, the
judgment of the district court is hereby **AFFIRMED**.


FOR THE COURT:
Roseann B. MacKechnie, Clerk

By _____
Lucille Carr, Deputy Clerk


A TRUE COPY
Roseann B. MacKechnie, CLERK

by _____
    DEPUTY CLERK

3